Filed 5/20/22  P. v. Bocoum CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MOHAMED BOCOUM,<br><br>    Defendant and Appellant. | F083391<br><br>(Kern Super. Ct. No. DF015499A)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  David E. Wolf, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Hill, P. J., Franson, J. and Meehan, J.

## INTRODUCTION

Appellant and defendant Mohamed Bocoum entered into a plea agreement and was sentenced to the lower term of two years in prison. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## PROCEDURAL BACKGROUND

On September 23, 2020, a complaint was filed in the Superior Court of Kern County that charged appellant with count 1, possession of methamphetamine; count 2, possession of marijuana; and count 3, possession of hashish oil, all possessed without authorization while he was a prisoner at North Kern State Prison on March 7, 2020 (Pen. Code, § 4573.6),[1] with two prior strike convictions.

On September 30, 2020, appellant pleaded no contest to count 1, possession of methamphetamine without proper authorization in prison, with dismissal of the other charges and special allegations, for an indicated lower term of two years concurrent to the term he was already serving. The parties stipulated to a factual basis from the probable cause statements and the incident reports provided in discovery.

After he entered the plea, appellant was released on parole on the term he was already serving. Thereafter, he failed to appear for subsequent hearings, and the court issued a bench warrant.

On August 27, 2021, appellant was returned to custody and held without bail.

On September 15, 2021, the court held the sentencing hearing and stated that when appellant was out of custody and previously failed to appear, he "picked up a new case" in Los Angeles, he was convicted, and sentenced to 16 months. The court further stated it was considering rejecting the lower term because appellant committed a new offense.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

2.

The court decided to go ahead with the plea agreement and sentenced appellant to the lower term of two years. The court imposed a $400 restitution fine (§ 1202.4, subd. (b)) and stayed the parole revocation fine in the same amount (§ 1202.45). It also imposed the court operations assessment of $40 (§ 1465.8) and the criminal conviction assessment of $30 (Gov. Code, § 70373).

On October 4, 2022, appellant filed a timely a notice of appeal.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on March 24, 2022, we invited appellant to submit additional briefing. He has failed to do so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.